**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

LUIS S. ROSERO-BARROS, CASE NO.:

Plaintiff,

vs.

NEXTLEVEL INFORMATION SOLUTIONS, INC.,
a Florida dissolved corporation, and
GEORGE DORIS, and NEXTLEVEL INFORMATION
SOLUTIONS SIMPLE IRA Plan

Defendants.
_______________________________________/

# COMPLAINT

Plaintiff, Luis S. Rosero-Barros ("Rosero"), sues Defendants, NextLevel Information Solutions, Inc, ("NLIS") and George Doris ("Doris") and alleges as follows:

1. This action arises under Title I of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1001, *et seq.*, and is brought by the Secretary under ERISA §§ 502(a)(2) and (5), 29 U.S.C. §§ 1132(a)(2) and (5), to enjoin acts and practices that violate the provisions of Title I of ERISA, to obtain appropriate equitable relief for breaches of fiduciary duty under ERISA § 409, 29 U.S.C. § 1109, and to obtain such further equitable relief as may be appropriate to redress and to enforce the provisions of Title I of ERISA.

2. This Court has jurisdiction over this action pursuant to ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1).

3. The NEXTLEVEL INFORMATION SOLUTIONS SIMPLE IRA Plan, ("Retirement Plan"), is an employee benefit plan within the meaning of ERISA § 3(3), 29

U.S.C. § 1002(3), that is subject to the provisions of Title I of ERISA pursuant to ERISA § 4(a), 29 U.S.C. § 1003(a). The Retirement Plan is named as a defendant herein pursuant to Rule 19(a) of the Federal Rules of Civil Procedure solely to assure that complete relief can be granted.

4. Venue of this action lies in the Southern District of Florida pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), because the Retirement Plan are or were administered in Miami, Miami-Dade County, within this district.

## DEFENDANTS AND PARTIES IN INTEREST UNDER ERISA

5. At all times relevant hereto, Plaintiff was a participant in the Retirement Plan.

6. At all times relevant hereto, NLIS was a Florida corporation engaged in the business of providing accounting software solutions in Miami, Florida.

7. The Florida Secretary of State administratively dissolved NLIS for failing to file an annual report on September 26, 2014.

8. Upon information and belief, from 2011 through 2013, NLIS was the sponsor of the Retirement Plan; the administrator of the Retirement Plan pursuant to ERISA § 3(16)(A), 29 U.S.C. § 1002(16)(A); a fiduciary of the Retirement Plan within the meaning of ERISA §§ 3(21)(A)(i) and (iii), 29 U.S.C. §§ 1002(21)(A)(i) and (iii); and a party in interest to the Retirement Plan within the meaning of ERISA §§ 3(14)(A) and (C), 29 U.S.C. §§ 1002(14)(A) and (C).

9. Upon information and belief, from 2011 through 2013, Doris was a principal member and owner of NLIS who exercised authority and control over NLIS, including its assets.

10. Upon information and belief, from 2011 through 2013, Doris exercised authority and control over the assets of the Retirement Plan; was a fiduciary of the Retirement Plan within the meaning of ERISA § 3(21)(A)(i), 29 U.S.C. § 1002(21)(A)(i); and was a party in interest to the Retirement Plan within the meaning of ERISA § 3(14)(A), 29 U.S.C. § 1002(14)(A).

## FAILURE TO REMIT PARTICIPANT CONTRIBUTIONS TO THE RETIREMENT PLAN

11. On or about 2011 NLIS established the Retirement Plan to provide retirement benefits to its employees.

12. Beginning in 2011, Rosero participated in the Retirement Plan and was a "partipant" within the meaning of the statute.

13. At all relevant times, the Retirement Plan's governing documents, which were adopted by NLIS, provided in pertinent part that the Retirement Plan would be funded through participants' pre-tax contributions from their compensation to the Retirement Plan as well as an employer-made contribution to the Retirement Plan.

14. During period from 2011 through 2013, NLIS withheld from Rosero's pay $13,774.93 in employee contributions to the Retirement Plan.

15. The Rosero's contributions withheld by NLIS were retained in NLIS's own general operating account and used to pay corporate expenses.

16. Upon information and belief, from 2011 through 2013, Doris and NLIS caused NLIS to retain the Rosero's employee contributions to the Retirement Plan that had been withheld from his pay and failed to ensure that the amounts withheld from his pay were deposited in the employee Retirement Plan account.

17. Additionally, upon information and belief, from 2011 through 2013, Doris and NLIS caused NLIS to fail to make employer-made contributions to Rosero's Retirement Plan in the amount of $4,388.42.

18 By the above-allegations, Doris and NLIS:

a. failed to ensure that all assets of the Retirement Plan did not inure to the benefit of Replica, in violation of ERISA § 403(c)(1), 29 U.S.C. § 1103(c)(1);

b. failed to act solely in the interest of the participants and beneficiaries of the Retirement Plan and for the exclusive purpose of providing benefits to participants and their beneficiaries and defraying reasonable expenses of Retirement Plan administration, in violation of ERISA § 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A);

c. failed to discharge their duties with respect to the Retirement Plan in accordance with the documents and instruments governing the Retirement Plan insofar as such documents and instruments are consistent with ERISA, in violation of ERISA § 404(a)(1)(D), 29 U.S.C. § 1104(a)(1)(D);

d. caused the Retirement Plan to engage in transactions which they knew or should have known constituted a direct or indirect transfer to, or use by or for the benefit of, a party in interest, of assets of the Retirement Plan, in violation of ERISA § 406(a)(1)(D), 29 U.S.C. § 1106(a)(1)(D);

e. dealt with assets of the Retirement Plan in their own interests in violation of ERISA § 406(b)(1), 29 U.S.C. § 1106(b)(1); and

f. acted on behalf of a party whose interests are adverse to the interests of the Retirement Plan or the interests of its participants and beneficiaries, in violation of ERISA § 406(b)(2), 29 U.S.C. § 1106(b)(2).

19. As a direct and proximate result of Doris and NLIS's breaches, the Retirement Plan suffered injury and losses for which it is entitled to equitable relief, pursuant to ERISA § 409, 29 U.S.C. § 1109.

20. Rosero has retained undersigned counsel to litigate this matter and has agreed to pay him a reasonable attorney's fee which is recoverable from Defendants pursuant to 29 U.S.C. §1132(g)(1).

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays for a judgment:

A. Permanently enjoining Defendants Doris and NLIS from violating the provisions of Title I of ERISA;

B. Permanently enjoining Defendants Doris and NLIS from acting as fiduciaries or service providers to any ERISA-covered employee benefit plan;

C. Ordering Defendants Doris and NLIS to make good to the Retirement Plan any losses, including lost opportunity costs, resulting from fiduciary breaches committed by them or for which they are liable;

D. Requiring Defendants Doris and NLIS to disgorge any profits received as a result of fiduciary breaches committed by them or for which they are liable;

E. Ordering Defendants Doris and NLIS to correct the prohibited transactions in which they engaged, plus appropriate lost opportunity costs;

F. Removing Defendants Doris and NLIS from their positions as fiduciaries with respect to the Retirement Plan;

G. Awarding the Plaintiff attorney's fees and the costs of this action pursuant to 29 U.S.C. §1132(g)(1); and

H. Ordering such further relief as is appropriate and just.

Respectfully submitted,

MESA LITIGATION
& LEGAL CONSULTING, P.A.
Attorney for Plaintiff
4960 SW 72 Avenue, Suite 206
Miami, Florida 33155
(305) 569-3005
cmesa@mesafloridalawyer.com

/S/ Carlos A. Mesa
CARLOS A. MESA FNB: 0067784